RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA GRANDY,

    Plaintiff,

v.          Civil Action No.: _____

KFC OF AMERICA, INC.,

    Defendant.    **04  12319 NMG**

             MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

  Defendant, KFC OF AMERICA, INC., (hereinafter "KFC") erroneously referred to as KFC NATIONAL MANAGAMENT COMPANY, by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal on the following grounds:

  1.  Plaintiff commenced this civil action by filing a Summons and Complaint in the Suffolk County Superior Court in Boston, Massachusetts on or about October 5, 2004.

  2.  A copy of the Summons and Complaint was served on KFC's Registered Agent on October 12, 2004. A copy of the Summons and Complaint is attached.

  3.  A copy of this pleading and all pleadings filed to date by the parties are attached.

  4.  There have been no further proceedings in this action.

  5.  The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00. Plaintiff has claimed $144,905.28 in damages in the state court action. Specifically, plaintiff alleges that she was a lawful business invitee on defendant's premises located at 875 N. Monticello Street, Brockton, Massachusetts, wherein she claims she was caused to slip and fall on a wet floor in the restroom. Plaintiff claims she "was and still is seriously, severely and permanently injured, incurred and still incurring expenses for medical care and attendance,

sustained and is sustaining severe pain and mental anguish, and is unable to carry on her usual duties".

6.     The Plaintiff is and was at the time that this action was filed a citizen of the Commonwealth of Massachusetts.

7.     KFC is, and was at the time this action was filed, a corporation incorporated in the State of Delaware, with its principal place of business in Kentucky.  KFC was not, and is not now, a citizen of the State of Massachusetts.

8.     This action involves a controversy wholly between citizens of different states. There is complete diversity of citizenship.

9.     This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

10.     KFC desires to remove this action to this Court.

11.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by KFC of Plaintiff's Summons and Complaint through service.

WHEREFORE, the Defendant, KFC, by counsel, respectfully requests that this action be removed from the Suffolk County Superior Court in Boston, Massachusetts, to this Court.

TRIAL BY JURY IS DEMANDED.

THE DEFENDANT,
KFC OF AMERICA, INC.
By Its Attorney,


Bruce G. Tucker, Esq.
BBO# 553668
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: October 28, 2004

## CERTIFICATE OF SERVICE

I, Bruce G. Tucker, Esquire, hereby certify that on the 28th day of October, 2004, I caused to be served the foregoing document by first class mail, postage prepaid to all counsel of record.


Bruce G. Tucker, Esq.

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4257 C

Linda Grandy _____, Plaintiff(s)

v.

KFC National Management Co. _____, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: KFC National Management Co., c/o CT Corporation Systems, 101 Federal Street, Boston, MA
You are hereby summoned and required to serve upon Jeremy T. Theerman

plaintiff's attorney, whose address is One Boston Place, Suite 3615 Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 5th day of October , in the year of our Lord two thousand four .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200___.                    _____

**N.B.   TO PROCESS SERVER:—**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

```
Also served:
Interrogatories;
Document Request;
Civil Action Cover Sheet.
```

┌─────────────────────────────┐
│                      , 200   │
└─────────────────────────────┘

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 04-4257 C

Linda Grancy
, Plff(s).

v.

KFC National Management Co.
, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

10/15/2004   02:25PM

CT System

## Service of Process Transmittal Form

Boston, Massachusetts

10/12/2004

Via Federal Express (2nd Day)

TO:  R. Scott Toop
     Kentucky Fried Chicken Corporation
     1441 GARDINER LANE
     LOUISVILLE, KY 40213-0000

RE:   **PROCESS SERVED IN MASSACHUSETTS**

FOR        KFC National Management Company Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

RECEIVED

OCT 15 2004

LAW DEPT.
R.S. TOOP

| | |
|---|---|
| 1. TITLE OF ACTION: | Linda Grandy, Pltf vs KFC National Management Company, Dft |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint |
| 3. COURT: | Commonwealth of Massachusetts, Suffolk Superior Court Case Number 04-4257-C |
| 4. NATURE OF ACTION: | Negligence resulting in personal injury |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Boston, Massachusetts |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 10/12/2004 at 11:30 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 Days |
| 8. ATTORNEY(S): | Jeremy T Thesman, Esq One Boston Place Suite 3815 Boston, MA 02108 |
| 9. REMARKS: | |

X 721 633
10-31-01  (330-L)  KFC $A
875 North Montello St
Brockton, Mass
012 000015 201 GB 01

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER | Yvette Concepcion /AL |
| ADDRESS | 101 Federal Street Boston, MA 02110 SOP WS 0006680816 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-4251C | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) Linda Grandy | DEFENDANT(S) KFC National Management Co. |
|---|---|

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Jeremy T. Theerman, Iannella and ,Mummolo,
One Boston Place, #3615, Boston, MA 02108
Board of Bar Overseers number: 654979    617-742-1388

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20 | Personal Injury Slip & Fall | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ........................................... $ 9,234.28
   2. Total Doctor expenses ............................................ $ 2,474.00
   3. Total chiropractic expenses ...................................... $ ..........
   4. Total physical therapy expenses ................................. $ ..........
   5. Total other expenses (describe) MRIs ............................ $ 8,197.00
                                                       Subtotal $ 19,905.28
B. Documented lost wages and compensation to date ................... $ ..........
C. Documented property damages to date .............................. $ ..........
D. Reasonably anticipated future medical and hospital expenses ...... $ ..........
E. Reasonably anticipated lost wages ................................ $ ..........
F. Other documented items of damages (describe)
   Pain and suffering .............................................. $ 125,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Concussion, left shoulder sprain, left ankle sprain,
   torn ligaments - left knee, cervical sprain
                                                              $ ..........
                                                         TOTAL $ 144,905.28

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                         TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK,SS:

SUFFOLK SUPERIOR COURT
CIVIL ACTION
NO. 04 -4257 C

--------------------------------------------X

LINDA GRANDY,

      Plaintiff

VS.

KFC NATIONAL
MANAGEMENT CO.,

      Defendant

--------------------------------------------X

## PLAINTIFF'S COMPLAINT
## [WITH JURY CLAIM]

### COUNT ONE

1.    The plaintiff, Linda Grandy, at all times herein relevant is a resident of Brockton, Plymouth County, Commonwealth of Massachusetts.

2.    The defendant, KFC National Management Co., is a foreign corporation with its agent for service of process located in Boston, Suffolk County of the Commonwealth of Massachusetts.

3.    At all times herein relevant the defendant owns, and/or controls, and/or leases out, and/or manages, and/or operates, and/or possesses, and/or occupies, a certain parcel of land with a commercial building thereon and interior restroom area located at 875 North Montello Street, Brockton, Commonwealth of Massachusetts.

4.    On the previously described premises, the plaintiff, Linda Grandy, at all times herein relevant, is a lawful person at the premises of the defendant, KFC National Management Co.

5.    On or about October 31, 2001, while lawfully on the premises of the defendant, KFC National Management, Co., the plaintiff was severely injured by slipping on a defective condition on the defendant's premises, which the defendant negligently, and/or carelessly, and/or by breach of warranty, and/or by breach of contract had permitted to remain as a dangerous condition on

1

said premises of the defendant.

6.      That the injury to said plaintiff was also caused by the carelessness and negligence of the defendant, KFC National Management Co., by said defendant's allowance of third persons to use said premises in such a manner as to cause a dangerous condition of a defective condition to exist on the defendant's premises.

7.      That the injury to said plaintiff was also caused by the carelessness and negligence and breach of warranty of the defendant by said defendant's allowance of a hazardous condition to exist on said premises although it had a reasonable opportunity to correct it.

8.      As a result of the negligence and/or breach of warranty by the defendant its agents, servants, employees or persons and/or entities under its control, the plaintiff was, and still is seriously, severely and permanently injured, incurred and still incurring expenses for medical care and attendance, sustained and is sustaining severe pain and mental anguish, and is unable to carry on her usual duties.

9.      To the extent required, if any, due notice of the time, place and cause of the injuries was given to the defendant, its agents, servants, employees or persons and/or entities under its control; and if notice was not so given the defendant has not been prejudiced thereby.

10.     At all times herein the plaintiff was free from any contributory negligence.

        WHEREFORE, the plaintiff, Linda Grandy, demands judgment in the sum that the Court, along with the Jury, will award, together with interest and costs, against the defendant, KFC National Management Co.

## PLAINTIFF DEMANDS A TRIAL ON ALL ISSUES

By Plaintiff's Attorney,

Jeremy T. Theerman
Iannella and Mummolo
One Boston Place, Suite 3615
Boston, MA 02108
(617) 742-1388
BBO#: 654979

2

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK;SS:

SUFFOLK SUPERIOR COURT
CIVIL ACTION
NO. O4 - 457C

------------------------------------------X

LINDA GRANDY,

     Plaintiff

VS.

KFC NATIONAL MANAGEMENT CO.,

     Defendant

------------------------------------------X

## PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT, KFC NATIONAL MANAGEMENT CO.

1.    Please identify yourself, giving your full name and business address.

2.    If the defendant on October 31, 2001 at approximately 9:40 p.m., owned, managed, operated, controlled or leased out the following premises: "a certain parcel of land with an commercial building thereon and interior restroom area located at 875 North Montello Street, Brockton, Commonwealth of Massachusetts," please state specifically whether the defendant owned the said premises, and/or managed said premises, and/or operated said premises, and/or controlled said premises, and/or was in possession of said premises, and/or was the lessor of said premises.

3.    Please state the complete identities (name and address) of the owners and lessors of the premises referred to in Interrogatory Number 2, on October 31, 2001.

4.    If the defendant or any of its agents, employees or servants, witnessed any part or all of the plaintiff's alleged fall, please state:

    a.  The name and address of each person who saw or witnessed any part of the plaintiff's fall;
    b.  In as much detail as you can, everything that was seen or noticed by each such person;
    c.  Where in relationship to the point of the occurrence each such person was at the time of any such witnessing of the occurrence.

5.    Please describe what the defendant and/or its agents, servants and/or employees did with reference to the plaintiff immediately after the happening of the alleged occurrence.

6.    Was any soap, water, and/or foreign substance present on the floor and/or restroom area of the interior of the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts on October 31, 2001 at approximately 9:40 p.m.?

7.    If your answer to the preceding interrogatory is in the affirmative, please describe in full and complete detail any such condition of soap, water and/or foreign substance, including in your answer all exact dimensions and other physical characteristics of soap, water and/or foreign substance and the location of the same on the premises referred to in Interrogatory Number 6.

8.    If you or any agent or employee of the defendant have any knowledge of the existence of the alleged condition of soap, water and/or foreign substance on the premises referred to in Interrogatory Number 6, immediately prior to the time of the plaintiff's alleged fall on October 31, 2001 at approximately 9:40 p.m., please state:

    a. How you or any agent or employee of the defendant acquired such knowledge;
    b. How long you or any agent or employee of the defendant knew that the alleged condition of soap, water and/or foreign substance had existed immediately prior to the alleged occurrence.

9.    Please state whether you or any agent or employee of the defendant made any examination or inspection of the place or area of the premises referred to in Interrogatory Number 6, where the plaintiff alleges that the occurrence happened, within a 48-hour period prior to the time of the alleged occurrence (October 31, 2001 at approximately 9:40 p.m.).

10.    If your answer to the preceding interrogatory is in the affirmative, please give the following information with regard to each and every examination or inspection made within a 48-hour period prior to October 31, 2001 at approximately 9:40 p.m.:

    a. The date and time of day of such examination or inspection;
    b. The identification, including name, residential address and residential telephone number, of the person making such examination or inspection;
    c. In full and complete detail what such examination or inspection consisted of;
    d. In full and complete detail what such examination or inspection revealed or showed;
    e. In full and complete detail each and every act or activity done or undertaken by you or any agent or employee of the defendant as a result of any condition or circumstance disclosed by such examination or inspection.

11.    Please state whether you or any agent or employee of the defendant made any examination or inspection of the place or area of the premises referred to in Interrogatory

2

Number 6, where the plaintiff alleges that the occurrence happened, within a 24-hour period immediately after the time of the alleged occurrence (October 31, 2001 at approximately 9:40 p.m.).

12.    If your answer to the preceding interrogatory is in the affirmative, please give the following information with regard to each and every examination or inspection made within a 24-hour period subsequent to October 31, 2001 at approximately 9:40 p.m.:

    a. The date and time of day of such examination or inspection;
    b. The identification, including name, residential address and residential telephone number, of the person making such examination or inspection;
    c. In full and complete detail what such examination or inspection consisted of;
    d. In full and complete detail what such examination or inspection revealed or showed;
    e. In full and complete detail each and every act or activity done or undertaken by you or any agent or employee of the defendant as a result of any condition or circumstance disclosed by such examination or inspection.

13.    Please state in full and complete detail what arrangements, if any, the defendant had at the time (October 31, 2001 at approximately 9:40 p.m.) of the alleged occurrence of the plaintiff's fall, for the removal of soap, water and/or foreign substance from the premises described in Interrogatory Number 6.

14.    If any soap, water and/or foreign substance was removed from the premises referred to in Interrogatory Number 6, within a 48-hour period prior to October 31, 2001 at approximately 9:40 p.m., please:

    a. State the date and time of any such removal;
    b. Give the name, and address of the person, firm or corporation making such removal;
    c. Describe fully the method by which such removal was effected.

15.    Please give, in as much detail as possible, the substance of any and all conversations, communications or statements made by or between the plaintiff and you or any agent or employee of the defendant relative to the plaintiff's alleged occurrence.

16.    If you or any agent or employee of the defendant ever took or received any statement, either oral or in writing, from any person, including parties who had any information or knowledge relating to the alleged occurrence, please;

    a. Identify any such person, including name, residential address, residential telephone number and his/her relationship, if any, with the defendant;
    b. Give the substance, as best you can, of any such statement.

3

17.    If you or any agent or employee of the defendant received any notice of any kind from the plaintiff or someone on behalf of the plaintiff, of the happening of the alleged occurrence, please give the date of receipt, the method by which notice was given and the substance of the notice.

18.    If it is the contention of the defendant that the plaintiff, and/or any other person, by any such act or omission caused or contributed to the alleged occurrence, please explain in detail the reasons of such contention.

19.    If the defendant at the time of the alleged occurrence was covered by a policy of liability insurance to cover the events of the alleged occurrence, please state, the liability insurance company, the policy number, the amount of liability coverage per occurrence per year.

20.    Please state fully and completely, the business relationship, if any, between defendant and the plaintiff that existed on to October 31, 2001 at approximately 9:40 p.m.

21.    For each and every witness that the defendant intends to call as an expert witness at trial, please state the identity (name and address) of each such expert, the subject matter on which such expert is expected to testify upon, the substance of the facts and opinions of the expert's testimony, and the basis of such opinions.

22.    For each and every affirmative defense raised by the defendant in its Answer to the Complaint, please set forth all facts upon which such affirmative defense is based upon.

23.    Please describe each and every instance in which you have been convicted of a felony in the past ten (10) years or a misdemeanor in the last five (5) years, by providing:

    a.  The nature of each offense;
    b.  The court where each offense was pending;
    c.  The date of each conviction;
    d.  The date of any appeals of such convictions; and
    e.  Amount of time served in a penal institution.

By Plaintiff's Attorney,

Jeremy T. Theerman
Iannella and Mummolo
One Boston Place, Suite 3615
Boston, MA 02108
(617) 742-1388
BBO#: 654979

4

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK;SS:                                    SUFFOLK SUPERIOR COURT
                                              CIVIL ACTION
----------------------------------------X      NO. OY- 4257C
LINDA GRANDY,

        Plaintiff

VS.

KFC NATIONAL
MANAGEMENT CO.,

        Defendant
----------------------------------------X

### REQUEST OF THE PLAINTIFF FOR THE
### PRODUCTION OF DOCUMENTS AND THINGS
### DIRECTED TO THE DEFENDANT,
### KFC NATIONAL MANAGEMENT CO.

Now comes the plaintiff by and through her attorney, and pursuant to Massachusetts

Rules of Civil Procedure, requests that the defendant produce or permit the plaintiff to inspect,

copy and photograph all documents and things in the possession, custody, or control of the

defendant which embody, refer to, or relate in any way to the following subject matters:

REQUEST NO. 1:

All photographs [in the possession, custody or control of the defendant, defendant's
attorney, or defendant's insurer claims department representative] showing, depicting, pertaining
and/or containing the interior building and restroom area of KFC National Management, Co.
building on the premises of 875 North Montello Street, Brockton, Commonwealth of
Massachusetts.

1

**REQUEST NO. 2:**

All plot plan drawings showing, depicting, pertaining and/or containing the land which contains any part of the premises described as a commercial building and restroom area in the interior of the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts.

**REQUEST NO. 3:**

All contracts, agreements and similar "documents" between the defendant and any other person or entity, showing, listing, containing and/or relating to any and all terms relative to the labor and/or materials for maintenance purposes to the interior building and restroom area of the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts for the time period commencing January 1, 1997 through and including October 31, 2002.

**REQUEST NO. 4:**

All reports and similar "documents" made by the defendant or by any agent, servant, employee or officer of the defendant to any other person or entity (except to defendant's attorney), concerning, relating or containing any information regarding the alleged incident occurring to the plaintiff on October 31, 2001, which alleged incident is the subject matter of the within action.

**REQUEST NO. 5:**

All reports and similar "documents" made by the defendant or by any agent, servant, employee, officer, representative, or insurer representative of the defendant, to any other person or entity, concerning, relating or containing any information regarding any incident wherein it was alleged that a person slipped and was injured as a result of a defective condition while at the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts, for the period commencing January 1, 1997 through and including October 31, 2002.

**REQUEST NO. 6:**

All written regulations, rules, procedures, policies, and similar "documents" issued by, or adopted by or prepared by the defendant concerning safety precautions and interior maintenance procedures and precautions to be used on the premises described as the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts.

**REQUEST NO. 7:**