The standard lease agreements and similar "documents" between the defendant as lessor and any other person or entity, as lessee of the premises known as the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts, showing, listing, containing and/or relating to any and all terms relative to the leasing of the premises for the time period covering January 1, 1997 through and including October 31, 2002.

REQUEST NO. 8:

All deeds, mortgage agreements and similar "documents" showing, listing, containing and/or relating to the ownership (as of October 31, 2001) of the premises known as the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts.

REQUEST NO. 9:

Any and all copies of insurance agreements and similar "documents" between the defendant and any other person or entity pertaining to the issuance of general liability insurance on the premises known as the Kentucky Fried Chicken building on the premises of 875 North Montello Street, Brockton, Massachusetts which policy was in effect on October 31, 2001.

REQUEST NO. 10:

All signed and/or unsigned statements or statements recorded by mechanical and/or electronic means made by any witnesses to this action, which relate to the facts or circumstances surrounding this action, which are in the possession, custody or control of the defendant, or in the possession, custody or control of the defendant's attorney, agent, servant, employer, master or insurance company representative.

REQUEST NO. 11:

All signed and/or unsigned statements, recorded by mechanical and/or electronic means, made by the defendant (including agents, servants or employees), and which relate directly or indirectly to the facts and circumstances of this action, which are in the possession, custody or control of the defendant, or in the possession, custody or control of the defendant's attorney, agent, servant, employer, master or insurance company representative. [This request excludes statements made by the defendant directly to his attorneys]

REQUEST NO. 12:

All signed and/or unsigned statements recorded by mechanical and/or electronic means, made by the plaintiff, and which relate directly or indirectly to the facts and circumstances of this action, which are in the possession, custody, or control of the defendant, or in the possession, custody or control of the defendant's attorney, agent, servant, employer, master or insurance

company representative.

REQUEST NO. 13:

All written and/or transcribed statements, reports, accident reports, police reports and insurance company reports, which relate directly or indirectly to the facts and circumstances of this action, which are in the possession, custody or control of the defendant, defendant's attorney, agent, servant, employer, master or insurance company representative, made by the defendant (including agents, servants or employees) to any other person or entity. [This request excludes statements made by the defendant directly to his attorney].

The said documents or true and legible copies thereof are to be produced at the office of Jeremy T. Theerman, Esquire, One Boston Place, Suite 3615, Boston, Massachusetts 02108, in or within 30 days of service of this request, unless some other time and place is mutually agreed upon by the parties. [The defendant may comply with this request, by forwarding a legible copy of all documents requested, by first class mail, postage prepaid, post marked no later than 30 days from the date of service of this request, and directed to the office of plaintiff's counsel]

By Plaintiff's Attorneys,

*Jeremy T. Theerman*

Jeremy T. Theerman
Iannella and Mummolo
One Boston Place, Suite 3615
Boston, MA 02108
(617) 742-1388
BBO#: 654979

4

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK, ss                                     SUFFOLK SUPERIOR COURT
                                                Civil Action
                                                No.: 04-4257C

| | |
|---|---|
| LINDA GRANDY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | NOTICE OF APPEARANCE |
| ) | |
| KFC NATIONAL MANAGEMENT ) | |
| CO., ) | |
| ) | |
| Defendant ) | |

**PLEASE TAKE NOTICE**, that Bruce G. Tucker, Esq., has filed his appearance as counsel for the Defendant, KFC of America, Inc., improperly named as KFC National Management Co., in the within matter.

                                    THE DEFENDANT,
                                    KFC OF AMERICA, INC.
                                    By Its Attorney,


                                    _____
                                    Bruce G. Tucker, Esq.
                                    BBO# 553668
                                    Legal Management Services LLC
                                    55 Hammarlund Way
                                    Middletown, RI 02842
                                    (401) 843-8400

Dated: October 27, 2004

CERTIFICATE OF SERVICE

I, Bruce G. Tucker, Esquire, hereby certify that on the 27th day of October, 2004, I caused to be served the foregoing document by first class mail, postage prepaid to all counsel of record.

                                    _____
                                    Bruce G. Tucker, Esq.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK, ss                                SUFFOLK SUPERIOR COURT
                                           Civil Action
                                           No.: 04-4257C

LINDA GRANDY,                )
                             )
            Plaintiff        )
                             )
vs.                          )    DEFENDANT, KFC OF
                             )    AMERICA, INC.'S ANSWER AND
KFC OF AMERICA, INC.,        )    AFFIRMATIVE DEFENSES
                             )
            Defendant        )

The Defendant in the above-captioned action, KFC of America, Inc., improperly named as KFC National Management Co. (hereinafter "Defendant"), answers the numbered paragraphs of Plaintiff's Complaint as follows:

## COUNT ONE

1. The Defendant, KFC of America, Inc. admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The Defendant, KFC of America, Inc. admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The Defendant, KFC of America, Inc. admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The Defendant, KFC of America, Inc. is without sufficient knowledge or information at this time to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. The Defendant, KFC of America, Inc. denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The Defendant, KFC of America, Inc. denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The Defendant, KFC of America, Inc. denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  The Defendant, KFC of America, Inc. denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.  The Defendant, KFC of America, Inc. denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Defendant, KFC of America, Inc. denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff failed to commence this action within the applicable statute of limitations.

### THIRD DEFENSE

The Plaintiff is guilty of contributory negligence to such a degree as to bar recovery, but if she recovers, any recovery must be reduced pro rata to the extent of Plaintiff's said negligence.

### FOURTH DEFENSE

If the Plaintiff was injured as alleged, which the Defendant expressly denies, it was not as the result of the action or inactions of the Defendant or anyone for whom the Defendant is legally liable or responsible.

### FIFTH DEFENSE

The Plaintiff, at the time of the alleged accident, was acting in violation of law, regulation or ordinance, said violation was the cause of the Plaintiff's alleged injuries and, therefore, Plaintiff cannot recover in this action.

### SIXTH DEFENSE

There has been an insufficiency of process and an insufficiency of service of process in this action, and, therefore, the Plaintiff's Complaint should be dismissed.

### SEVENTH DEFENSE

The Plaintiff's claim for alleged pain and suffering is barred by the applicable provisions of Mass. Gen. L. ch. 231, § 60.

EIGHTH DEFENSE

The Plaintiff's claim for alleged medical expenses and loss of earnings is barred in whole or in part by the applicable provisions of Mass. Gen. L. ch. 90, § 34M.

**THE DEFENDANT DEMANDS A TRIAL
BY JURY ON ALL ISSUES SO TRIABLE.**

THE DEFENDANT,
KFC OF AMERICA, INC.
By Its Attorney,

Bruce G. Tucker, Esq.
BBO# 553668
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: October 27, 2004

CERTIFICATE OF SERVICE

I, Bruce G. Tucker, Esquire, hereby certify that on the 27th day of October, 2004, I caused to be served the foregoing document by first class mail, postage prepaid to all counsel of record.

Bruce G. Tucker, Esq.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK, ss

SUFFOLK SUPERIOR COURT
Civil Action
No.: 04-4257C

LINDA GRANDY,             )
                          )
          Plaintiff       )
                          )
vs.                       )   DEFENDANT'S INTERROGATORIES
                          )   TO PLAINTIFF
KFC OF AMERICA, INC.,     )
                          )
          Defendant       )

The Defendant in the above-captioned action, KFC of America, Inc., pursuant to Rule 33, propounds the following interrogatories to be answered under oath by the Plaintiff.

### INTERROGATORY NO.1

State your name, date of birth, social security number, residence address, business address and occupation on the date of your alleged accident.

ANSWER:

### INTERROGATORY NO.2

Kindly describe in detail all the injuries you claim to have suffered as a result of the accident alleged in your complaint and for which you seek to recover damages in this action.

ANSWER:

### INTERROGATORY NO.3

If, as a result of the injuries you received in the accident alleged in your Complaint, you consulted a doctor or hospital or both, kindly state:

a.  the name and address of each doctor or hospital you consulted;

b.  the dates of treatments or consultations with each such doctor;

c.  the amount of the charges to date of each doctor or hospital you have consulted.

ANSWER:

## INTERROGATORY NO.4

If, in addition to the treatment referred to in the preceding interrogatory, you have received other medical or nursing attention as a result of the injuries received in the accident as alleged in your Complaint, please state in full detail the other medical and/or nursing attention received by you.

ANSWER:

## INTERROGATORY NO.5

If you were confined to a bed as a result of the accident alleged in your Complaint, kindly state as nearly as you can the dates between which you were so confined.

ANSWER:

## INTERROGATORY NO.6

If you were confined to your house as a result of the accident alleged in your Complaint, kindly state as nearly as you can the dates between which you were so confined.

ANSWER:

## INTERROGATORY NO.7

If you claim that as a result of the incident alleged in your Complaint you received injuries that prevented you from following your usual activities, occupation or studies, kindly state:

    a.    the nature of your activities, occupation and/or studies at the time of the alleged incident;

    b.    the name and address of your employer or if you were a student, where you attended school;

    c.    the dates between which you were incapacitated and the date on which you first resumed your usual activities, duties of your occupation or returned after the accident alleged in the Complaint; and

    d.    if employed on the date of the alleged accident, your average weekly wages, salary or income received at your usual occupation.

ANSWER:


## INTERROGATORY NO.8

If you have recovered from the injuries you sustained as a result of the accident alleged in your Complaint, kindly state as nearly as you are able the approximate date on which you recovered, or if you have not recovered, please state in detail in what respects you are still suffering from such injuries.

ANSWER:


## INTERROGATORY NO.9

If, within five (5) years prior to your accident your physical condition was affected by illnesses, operations, injuries and/or accidents, other than the injuries for which you claim damages in this action, kindly state full details.

ANSWER:

## INTERROGATORY NO.10

If, subsequent to the date of your alleged accident, your physical condition has been affected by illnesses, operations, injuries or accidents, other than the injuries for which you claim damages in this action, kindly state details.

ANSWER:

## INTERROGATORY NO.11

Please identify each expert witness expected to testify on your behalf during the trial of this action, including the following in your answer:

    a.    the subject matter on which the expert is expected to testify;

    b.    the substance of the facts and opinions to which the expert is expected to testify; and

    c.    the summary of the grounds for each such opinion.

ANSWER:

## INTERROGATORY NO.12

If you have made any other claim or claims for personal injury against any person, insurance company and/or corporation within five (5) years prior to the date of the accident or since the date of the accident alleged in your Complaint, kindly state full details as to each such claim, itemizing the personal injuries received in each accident/claim.

ANSWER:

## INTERROGATORY NO.13

Describe fully how the accident occurred, stating what happened, and what was done by you, in the order which the events took place.

ANSWER:

## INTERROGATORY NO.14

At the exact moment of the alleged accident, please state where you were on the premises, making reference to the sidewalk, parking lot and stores.

ANSWER:

## INTERROGATORY NO.15

Please state the names and addresses of all witnesses to the alleged accident.

ANSWER:

## INTERROGATORY NO.16

Please state whether you had consumed any alcoholic beverages, narcotic substances and/or prescription medication within the twelve (12) hour period prior to the alleged accident. If your answer is in the affirmative, please state in detail the type and amount of the substance consumed and the exact time consumed.

ANSWER:

## INTERROGATORY NO.17

If you contend that the Defendant(s) was not in the exercise of due care, please state in detail upon what facts you rely to support such a contention.

ANSWER:

THE DEFENDANT,
KFC OF AMERICA, INC.
By Its Attorney,

_____
Bruce G. Tucker, Esq.
BBO# 553668
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: October 27, 2004

## CERTIFICATE OF SERVICE

I, Bruce G. Tucker, Esquire, hereby certify that on the 27th day of October, 2004, I caused to be served the foregoing document by first class mail, postage prepaid to all counsel of record.

_____
Bruce G. Tucker, Esq.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK, ss                                     SUFFOLK SUPERIOR COURT
                                                 Civil Action
                                                 No.: 04-4257C

| | |
|---|---|
| LINDA GRANDY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | DEFENDANT'S REQUEST FOR |
| ) | PRODUCTION OF DOCUMENTS |
| KFC OF AMERICA, INC., ) | TO PLAINTIFF |
| ) | |
| Defendant ) | |

The Defendant in the above-captioned action, KFC of America, Inc., pursuant to Rule 33, propounds the following requests for production of documents to be answered by the Plaintiff.

REQUEST FOR PRODUCTION NO.1

All documents relied upon by you or anyone acting on your behalf in the preparation of your answers to KFC's Interrogatories to Plaintiff.

ANSWER:

REQUEST FOR PRODUCTION NO.2

All documents reflecting any medical treatment, opinions, consultations, diagnosis, or testing and any corresponding bills or expenses which you allege resulted from the incident made the basis of this lawsuit, including any and all documents relating to any marital, family, social, psychiatric or psychological counseling or treatment you have received both prior to and after the alleged incident.

ANSWER:

### REQUEST FOR PRODUCTION NO.3

If you are seeking to recover for loss of earning capacity, your income tax returns, including W-2 forms and all other attachments, for each of the past five (5) years preceding this incident and for all years after this incident up to the present time, as well as all other documents reflecting any alleged loss of earning capacity or income.

ANSWER:

### REQUEST FOR PRODUCTION NO.4

All exhibits you will seek to introduce into evidence during the trial of this matter.

ANSWER:

### REQUEST FOR PRODUCTION NO.5

All documents relating to any claims made or lawsuits filed by you as a result of any physical or mental injury, illness or condition, including, but not limited to, claims for insurance payment, social security benefits or workers compensation. This request pertains not only to claims made or other lawsuits filed arising out of the subject incident claimed in this lawsuit, but also for any other claims made or lawsuits field by you in the ten (10) years immediately preceding this incident. You need not produce documents previously produced, but your response should include any such documents.

ANSWER:

### REQUEST FOR PRODUCTION NO.6

All photographs, videotapes, motion pictures, sketches, drawings, plans, diagrams, models or other documents which depict or tend to depict the incident or the injuries allegedly sustained, or any other matter or thing which you believe to be relevant to the claims you have asserted in this lawsuit.

ANSWER:

## REQUEST FOR PRODUCTION NO.7

Any and all statements from anyone with relevant knowledge of this incident.

ANSWER:

## REQUEST FOR PRODUCTION NO.8

Any and all statements from any eyewitnesses to this incident.

ANSWER:

## REQUEST FOR PRODUCTION NO.9

Any accident report, incident report or other documents created in connection with the incident made the basis of this lawsuit.

ANSWER:

## REQUEST FOR PRODUCTION NO.10

All written, recorded, or typed reports, graphs, charts, data compilations or other documents regarding the subject incident and your injuries which were prepared by or on behalf of any person who you expect to call as an expert witness at the trial; or which would be relied upon by such expert in giving testimony by deposition or at trial.

ANSWER:

                THE DEFENDANT,
                KFC OF AMERICA, INC.
                By Its Attorney,

                Bruce G. Tucker, Esq.
                BBO# 553668
                Legal Management Services LLC
                55 Hammarlund Way
                Middletown, RI 02842
                (401) 843-8400

Dated: October 27, 2004

## CERTIFICATE OF SERVICE

I, Bruce G. Tucker, Esquire, hereby certify that on the 27th day of October, 2004, I caused to be served the foregoing document by first class mail, postage prepaid to all counsel of record.

                Bruce G. Tucker, Esq.