UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINDA GRANDY, | ) | Civil Action No.: 04CV12319NMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KFC OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | Fed. R. Civ. P 16(b) and 26(f) |

## JOINT PROPOSED PRETRIAL SCHEDULE

After consultation with counsel for the parties, the following Joint Proposed Pretrial Schedule is adopted. This plan is also a scheduling order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

A. The case is to be tried to a jury.

B. Joinder of additional parties must be completed by June 15, 2005.

C. Amended pleadings may be filed without leave of Court until June 15, 2005.

D. Discovery [in addition to the disclosures required by Fed. R. Civ. P. 26(a)]:

  1. <u>Documents.</u> First request for production of documents, if any, must be served by June 15, 2005 Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

  2. <u>Interrogatories.</u> Interrogatories pursuant to Rule 33.1 of the Local Rules for the District of Massachusetts must be served by June 15, 2005 No other interrogatories are permitted except upon prior express permission of Judge Gorton. No Rule 33 interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

  3. <u>Experts.</u> Every party-proponent of a claim (including any counterclaim, cross-claim, or third party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by September 15, 2005. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required

by Fed. R. Civ. P. 26(a)(2) by October 17, 2005. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time limit for all depositions set forth below.</u>

4. <u>Depositions.</u> All depositions (including any expert depositions, see item 3 above) must be completed by September 15, 2005. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5. <u>Requests to Admit.</u> Requests to Admit, if any, must be served July 20, 2005.

6. All discovery is to be completed by September 15, 2005. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed <u>no later than one week following the close-of-discovery date (item D-6 above)</u> and provided that the moving papers are served by September 15, 2005 answering papers by October 6, 2005 and reply papers by October 20, 2005 [the last of these days being no later than six weeks following the close of discovery]. On the same date that the reply papers are served, counsel for the moving party shall file with the Clerk of the Court a full set of all parties' motion papers (other than the previously-filed Notice of Motion) and shall also deliver a courtesy copy of same to the Courthouse mailroom for delivery directly to Chambers.

F. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on <u>[date to be inserted by the Court]</u>, at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Rules of Practice for the United States District Court for the District of Massachusetts.

G. All motions and applications shall be governed by the Rules of Practice for the United States District Court for the District of Massachusetts. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as

with the Rules of Practice for the United States District Court for the District of Massachusetts.

SO ORDERED.

_____
Nathaniel M. Gorton
U.S.D.J.

Dated: _____

## CERTIFICATIONS

Counsel and authorized representatives of each party hereby certify that counsel for the parties have conferred and:

(1) Established a budget for the costs of full-course and alternative courses of the litigation; and

(2) Considered the resolution of the litigation through the use of alternative dispute resolution programs.

| ATTORNEYS FOR PLAINTIFF, LINDA GRANDY | ATTORNEYS FOR DEFENDANT, KFC OF AMERICA, INC. |
|---|---|
| BY: /s/ Douglas T. Radigan<br>BBO#654979<br>Iannella & Mummolo<br>One Boston Place<br>Suite 3615<br>Boston, MA 02108<br>(617) 742-1388 | BY: /s/ Bruce Tucker<br>Bruce G. Tucker<br>BBO# 553668<br>Legal Management Services, LLC<br>55 Hammarlund Way<br>Middletown, RI 02842<br>(401) 843-8400 |
| Plaintiff | Authorized Representative |