IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LINDA GRANDY,** | ) | Civil Action No.: 04CV12319NMG |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | INITIAL DISCLOSURE STATEMENT |
| | ) | |
| **KFC OF AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | Fed. R. Civ. P. 26 |

## PLAINTIFF'S INITIAL DISCLOSURES IN ACCORDANCE WITH FEDERAL RULES OF CIVIL PROCEDUE RULE 26

Now comes the Plaintiff Linda Grandy ("Plaintiff"), who hereby submits its Initial Disclosures, pursuant to F.R.C.P. 26 (a) (1):

1. **(A) WITNESSES.** The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

    i. Plaintiff witnesses include:

    (a) Linda Grandy
    55 CityHall Plaza Apt. 210
    Brockton, MA 02301

    (b) Nicholas J. Diblasio
    55 CityHall Plaza Apt. 210
    Brockton, MA 02301
    508.345.7481

**(B) DOCUMENTS.** A copy of, or a description by category and location of, all documents, date compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

i. Medical records and bills from Caritas Good Samaritan Medical Center;

ii. Medical records and bills from Brockton Hospital;

iii. Medical records and bills from Angels Neurological Center;

iv. Medical records and bills from Dr. Sin H. Choo;

v. Medical records and bills from Dr. Liberman;

vi. Medical records and bills from Primary Care Affiliates (Dr. Qureshi);

vii. Medical records and bills from Bridgewater - Goddard Park;

viii. Medical records and bills from Alliance Imaging @ Brockton Hospital;

ix. Plaintiff reserves the right to supplement medical records and bills for any of the plaintiff's medical treatment related to this incident. Plaintiff anticipates additional records from Brockton Hosptital; Brigham and Women's Hospital; and Dr. Glazer. Further, plaintiff will notify defendant in a timely manner for any and all new medical providers.

x. The plaintiff will agree to provide a duly executed release to obtain relevant medical and hospital records with respect to plaintiff's injuries, subject to the following limitations: (i) the authorization will limit the records to existing records and will not authorize the creation of any specially prepared report or response to a specific inquiry at the request of the defendant; (ii) the authorization will not authorize or permit oral communication between the defendant, defendant's attorney and/or representative with the heathcare provider; (iii) the authorization be directed to a specifically named healthcare provider, and not be an authorization executed in blank by the plaintiff; (iv) the authorization will be null and void at the expiration of ninety (90) days from the date of execution by the

     plaintiff; and (v) the defendant will provide to plaintiff's counsel, a true and complete copy of all documents received from the healthcare provider, as well as all documents pertaining to communications between the defendant's counsel and the healthcare provider, within fourteen (14) days of the receipt of the documents or from the transmission of the communication.

  xiii. Plaintiff's privileged documents prepared in anticipation of litigation, including Nicholas J. Diblasio's witness statement;

  xiv. Any additional documents to be provided by the Plaintiff.

  xv. Any and all documents obtained through the discovery process which are not yet in Plaintiff's possession.

**(C) DAMAGES.** A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials being on the nature and extent of injuries suffered:

Copy of all medical bills currently in the Plaintiff's possession.

**(D) INSURANCE AGREEMENTS.** For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy judgment.

Not applicable

2. **EXPERT WITNESSES:**

Plaintiff has not yet retained any experts for trial.

Plaintiff reserves the right to supplement these disclosures as additional information becomes available.

Respectfully Submitted,
Plaintiff Linda Grandy by her attorney,

_____
Douglas T. Radigan, Esq. (B.B.O. 657938)
Law Offices of Iannella & Mummolo
One Boston Place- Suite 3615
Boston, MA 02108
(617) 227-1538
(617) 742-1424 fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2005, service of PLAINTIFF, LINDA GRANDY'S RULE 26(a)(1) INITIAL DISCLOSURE was made on the attorneys of record for plaintiff via hand delivery a true copy thereof, contained in a sealed envelope, addressed to said attorneys as shown below.

To:   BRUCE G. TUCKER, ESQ.
      LEGAL MANAGEMENT SERVICES, LLC
      55 Hammarlund Way
      Middletown, RI 02842

By: _____
Douglas T. Radigan, Esq. (B.B.O. 657938)
Law Offices of Iannella & Mummolo
One Boston Place- Suite 3615
Boston, MA 02108
(617) 227-1538
(617) 742-1424 fax

4