IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA GRANDY,<br>    Plaintiff,<br><br>v.<br><br>KFC OF AMERICA, INC.,<br>    Defendant. | Civil Action No.: 04-12319-NMG |

**DEFENDANT'S ASSENTED TO MOTION TO EXTEND THE
SCHEDULING ORDER DEADLINE FOR DEFENDANT'S
DESIGNATION OF TRIAL EXPERTS AND FEDERAL RULE
OF CIVIL PROCEDURE 26(a)(2) DISCLOSURES**

Defendant KFC of America, Inc. hereby files its Assented to Motion to Extend the Scheduling Order Deadline for Defendant's Designation of Trial Experts and Federal Rule of Civil Procedure 26(a)(2) Disclosures. By this Motion, defendant seeks an extension of this deadline until November 2005. The current deadline set forth in the Scheduling Order for such disclosures is October 17, 2005. The grounds for this Motion are as follows:

1. Plaintiff originally filed this action on about October 15, 2004 in Superior Court for Commonwealth of Massachusetts. By a Notice of Removal dated October 28, 2004, defendant removed this action to this Court pursuant to 28 U.S.C. Section 1441(a).

2. Plaintiff alleges that on October 31, 2001, she slipped and fell at the KFC restaurant located at 875 North Montello Street, Brockton, Massachusetts. Plaintiff's two page Complaint does not specify the injuries that she alleges to have suffered from this fall. The Civil Action Cover Sheet that was filed with the Complaint in state court states that plaintiff suffered the following injuries: "concussion, left shoulder sprain, left ankle sprain, torn ligaments, left knee, cervical sprain."

3. In about May 2005, this Court entered a Scheduling Order that required plaintiff to designate her trial experts and disclose the information contemplated by Federal Rule of Civil Procedure 26(a)(2) by September 15, 2005. The Scheduling Order further provides that defendant is required to provide its corresponding designations and disclosures by October 17, 2005.

4.	Plaintiff failed to provide her expert designations and disclosures by September 15, 2005 and has not provided them as of the date of this Motion. Realizing that it is unlikely that the Court would preclude plaintiff from introducing expert testimony at trial based upon the fact that plaintiff's expert disclosures are two weeks past due, defendant's counsel conferred with plaintiff's counsel concerning plaintiff's expert disclosures. Plaintiff's counsel has represented that he will provide plaintiff's expert designations and disclosures by September 30, 2005.

5.	Further, defendant served interrogatories and a request for production of documents on plaintiff on about June 27, 2005 in accordance with the Scheduling Order that required written discovery requests to be served by July 15, 2005. Responses to defendant's discovery requests were due on about July 30, 2005, but defendant did not serve answers to defendant's interrogatories until August 12, 2005. Plaintiff's counsel has represented that plaintiff's treatment is ongoing and, as a result, there has been some difficulty in obtaining a complete set of her medical records and authorizations from all of her treating physicians. Although plaintiff has agreed to provide such authorizations with respect to all medical treatment providers identified in her interrogatory answers, defendant is still working with plaintiff's counsel to obtain all of these authorizations.

6.	Among the injuries that plaintiff stated that she is suffering from in her interrogatory answers are the following: permanent nerve damage in her neck known as Cervical Rediculopathy; compression of her spinal cord; and permanent nerve damage in her leg known as neuropathy. No neurological injuries or permanent spinal injuries were identified in plaintiff's Complaint.

7.	As a result of plaintiff's late responses to defendant's written discovery requests and her late designation of trial experts and Rule 26(a)(2) information, defendant requires additional time to designate its trial experts and disclose its Rule 26(a)(2) information. Indeed, defendant does not yet have all of plaintiff's relevant medical records and has not been provided with plaintiff's expert disclosures. After it receives this information, defendant intends to have an expert medical professional evaluate plaintiff prior to making its expert disclosures.

8.      Allowing this Motion will not delay the trial of this matter which is not scheduled until May 1, 2006.

WHEREFORE, defendant KFC of America, Inc. respectfully requests that this Court grant its Motion to Extend the Scheduling Order Deadline for Defendant's Designation of Trial Experts and Federal Rule of Civil Procedure 26(a)(2) Disclosures and enter an order extending this deadline until November 17, 2005.

                                                Respectfully submitted,

                                                DEFENDANT,
                                                By its Attorney,

                                                Lawrence R. Holland, Esq.
                                                BBO# 554839
                                                Legal Management Services LLC
                                                55 Hammarlund Way
                                                Middletown, RI 02842
                                                (401) 843-8400

ASSENTED TO:

DOUGLAS T. RADIGAN, ESQ.
BBO# 657938
IANNELLA & MUMMOLO
1 Boston Place, Suite 3615
Boston, MA 02108
Phone: (617) 724-1388
*Attorneys for Plaintiff, LINDA GRANDY*

Dated:  September 28, 2005