IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA GRANDY,<br>　　　　　Plaintiff,<br><br>v.<br><br>KFC OF AMERICA, INC.,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No.: 04-12319-NMG<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF LAWRENCE R. HOLLAND, ESQ. IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISSAL, AND/OR FOR MONETARY SANCTIONS AND OTHER APPROPRIATE RELIEF, PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 37 AS A RESULT OF PLAINTIFF'S DISCOVERY ABUSES**

I, Lawrence R. Holland, Esq., do hereby depose under oath and state as follows:

1. I am counsel in this action for defendant KFC of America, Inc. I have personal knowledge of the matter set forth in this Affidavit.

2. Attached hereto as Exhibit A is a true and accurate copy of the transcript of a recorded statement given by Ronald Palmer to defendant's third party adjuster, Gallagher Bassett Services, Inc. concerning the incident alleged by plaintiff in this action.

3. Attached hereto as Exhibit B is a true and accurate copy of Plaintiff's Answers to Defendant KFC of America, Inc.'s First Interrogatories.

4. Attached hereto as Exhibit C is a true and accurate copy of medical records received from Caritas Good Samaritan Medical Center ("Caritas") concerning treatment provided to plaintiff on October 28, 2001.

5. Attached hereto as Exhibit D is a true and accurate copy of medical records received from Caritas concerning treatment provided to plaintiff on October 29, 2001.

6.  Attached hereto as Exhibit E is a true and accurate copy of various medical records received from Caritas concerning treatment provided to plaintiff.

7.  Attached hereto as Exhibit F is a copy of records concerning an action styled <u>Linda Grandy v. Brockton Security Self-Storage, Inc.</u>, Brockton Superior Court, CA No. 99-0011 (the "Brockton Superior Court Action").

8.  Attached hereto as Exhibit G is a true and accurate copy of medical records received from Caritas concerning treatment provided to plaintiff on October 31, 2001.

9.  In about January 2006, my office ran a background check on plaintiff. The background check revealed that plaintiff had filed the Brockton Superior Court Action. A paralegal from my office obtained records from the Brockton Superior Court regarding this prior action, and these records contained the name and telephone number of the attorney who represented the defendant in that action. I called the defendant's attorney, and she informed me that during plaintiff's deposition in the Brockton Superior Court Action, plaintiff admitted during cross-examination that in 1996, plaintiff had filed a civil action against Bradlees department store as a result of an alleged slip and fall, and that in 1990 plaintiff had filed a civil action as a result of a motor vehicle accident.

10. Attached hereto as Exhibit H is a true and accurate copy of records concerning a claim that defendant submitted to Arbella Insurance Group stemming from an alleged motor vehicle accident in 2000.

11. Attached hereto as Exhibit I are emails to and from counsel for plaintiff confirming that plaintiff would appear for an Independent Medical Examination ("IME") on January 12, 2006. On the day of the IME, I received a telephone call from Dr.

2

Feldmann's office informing me that plaintiff had failed to appear at the appointed time, and that Dr. Feldmann would wait around for an additional hour in case she was late. Thereafter, I spoke with plaintiff's attorney, Douglas Radigan, and he told me that although he had received a telephone call from plaintiff earlier that day stating that she was running a little late, he fully expected that plaintiff would appear for the IME, and he had not excused her from appearing. He was unable to reach her after we spoke, and she never appeared at Dr. Feldmann's office.

12. Attached hereto as Exhibit J is a true and accurate copy of a letter from plaintiff's counsel dated September 30, 2005.

13. Legal Management Services ("LMS"), with which I am employed as a Senior Attorney, is National Litigation Counsel for Yum! Brands, Inc. ("Yum! Brands") and its subsidiaries, including KFC of America, Inc. LMS receives a fee for the services that it provides to Yum! Brands and does not bill Yum! Brands on a case by case basis. At the same time, however, the total fee that LMS is paid takes into account the time spent by LMS attorneys working on Yum! Brands matters. As such, LMS attorneys and paralegals record the time they spend on each Yum! Brands matter in the usual fashion that legal personnel do.

14. Attached hereto as Exhibit K is a true and accurate copy of the time entries of LMS attorneys and paralegals for this matter after the date that plaintiff served her interrogatory answers. The hourly rate attributed to attorney time by LMS is between $150 and $175, and the hourly rate attributable to paralegal time is $65. Based upon my fourteen years of practicing law in Massachusetts courts, including thirteen as an associate and then a partner at the Boston law firm of Deutsch Williams Brooks DeRensis

and Holland, P.C. ("Deutsch Williams"), it is my opinion that these hourly rates are more than reasonable for the type of legal services that have been provided. Indeed, the hourly rate charged for my services while I was a partner at Deutsch Williams was approximately $300 per hour, which is significantly higher than the $175 per hour attributed to my time by LMS.

15. The time records attached as Exhibit K reflect that after plaintiff served her false interrogatory answers, I spent 39.1 hours dealing with issues concerning plaintiff's medical records and undisclosed prior lawsuits, and my paralegal, Susan Koerner spent 20 hours dealing with such issues. The total amount of fees attributable to this time is $14,985. Undoubtedly, we would have had to spend a substantial portion of this time dealing with issues concerning plaintiff's medical records even if plaintiff had been forthright in her interrogatory answers. At the same time, however, a significant portion of this time is fairly attributable to additional work that we would not have had to do if plaintiff's interrogatory answers were not false.

16. The attached time records also reflect that I spent 11.8 hours researching and drafting defendant's instant Motion for Dismissal. The total fees attributable to this time are $2,065.

17. Finally, Dr. Feldmann charged LMS $400 per hour for his services in connection with the IME for which plaintiff failed to show. Dr. Feldmann waited for an extra hour beyond the appointed time in case plaintiff arrived late. Accordingly, approximately 1.5 hours of Dr. Feldmann's time, or $600, is attributable to plaintiff's failure to attend the IME.

Signed under the pains and penalties of perjury this 31st day of January, 2006.

_____
Lawrence R. Holland, Esq.

## CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic service of this pleading and will receive service in that fashion.

_____
Lawrence R. Holland