IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

AUG 17 2005

| | | |
|---|---|---|
| LINDA GRANDY, | ) | Civil Action No.: 04CV12319NMG |
| Plaintiff, | ) | |
| v. | ) | |
| KFC OF AMERICA, INC., | ) | |
| Defendant. | ) | |

### PLAINTIFF'S ANSWERS TO DEFENDANT KFC OF AMERICA, INC.'S FIRST INTERROGATORIES

#### Interrogatories

1.    Please state all names by which you have ever been known, your date and place of birth, any and all addresses for the past 10 years, social security number, and the name(s) and address(es) of your spouse, or former spouse(s), if any.

Answer:

My name prior to my getting married was Linda Robin Platzman. After I got married I changed my name to Linda Platzman Grandy. I was born in Boston on January 23rd, 1965. In 1995 I lived at 251 Pleasant St. on the 3rd Floor in Brockton, MA 02301. After approximately 2 years I moved to 106 Ford St. in Brockton, MA 02301. I lived there for approximately 2 years. Then I moved to 100 Martha Dr. Apt. A in Rockland, MA 02370 for about a year. My next residence was at 30 Banks St. in Brockton, MA 02301 for about 2 years. From there I moved to my current residential address of 55 City Hall Plaza, Apt. 210 in Brockton, MA 02301. My Social Security Number is 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. I am legally married to Gregory Grandy of 524 Chatham West Dr. in Brockton, MA 02301. However, I have been separated from him for

1

2. State all the facts upon which you relied to support your allegations that the defendant or the agents and servants of defendant were guilty of negligence on or about October 31, 2001 at the KFC restaurant located at 875 North Montello Street, Brockton, Massachusetts. Please be mindful of the definitions referred to above, identifying the basis for your factual allegations and the names and addresses of any persons known to you to be witnesses to the event complained of.

Answer:

As the entity directly responsible for ensuring the safety of its patrons, the Defendant failed to uphold a legal duty of care because it negligently maintained the premises by not ensuring that the floor was completely dry and by not posting clearly visible signs warning customers of the wet condition of the floor. With me at the time was my boyfriend, Nicholas Diblasio, who lives at 55 City Hall Plaza, Apt. 10 in Brockton, MA 02301. There were others also present when I fell but I do not know their contact information. Also, as to the events, please refer to my answer to Interrogatory No. 20 and No. 22.

3. Please describe fully and separately each and every injury you claim is a proximate result of the claimed negligence or breaches of any duty of care described in the Complaint and identify by full name, current residential and business address, and current residential and business telephone number (including area code) every person having knowledge of any such injury.

Answer:

As a result of the incident I injured my head, neck, back, arm, and leg. Below please find a more extensive description of my injuries:

Head: I received a concussion as well as a sizable contusion on my head. I also suffered from post concussion syndrome after the incident.

Neck: I suffered permanent nerve damage in my neck known as Cervical Rediculopathy. I also sustained a ruptured disks in my neck.

Back: I suffered compression of the spinal cord from the incident.

Arm: I sustained bruising on my entire left arm and was given a sling at the hospital in order to stabilize the arm and limit movement. I also suffer from numbness in both hands.

Leg: I sustained permanent nerve damage known as neuropathy in my left leg and now walk with a cane.

Besides my attorney, my doctors, and my boyfriend, my children, Garrett Grandy and Cari-Lynn Grandy, are privy to my injuries. They currently reside with their father, Gregory Grandy. Please refer to my response to Interrogatory No. 1 for his residential address. While other extended family members and friends are aware of my injuries our conversations are limited to how I am feeling.

4. Please describe fully and separately each and every duty of care which you claim KFC of America, Inc. breached in the context of the matters and things alleged or described in the Complaint, and set forth separately as to each described duty of care exactly how KFC of America, Inc. breached such standard. Please identify, separately as to each such breach, and by full name, current residential and business address, and current residential and business telephone number (including area code) every person having any knowledge of such breach.
Answer:

Please refer to my answer to Interrogatory No. 2 and No. 22.

5.  Describe any and all medical conditions, mental or psychological conditions, infirmities or disabilities which for a period of 10 years pre-existed any injury claimed as damages in this case. Identify by full name, current residential and business address, and current residential and business telephone number (including area code) any health care provider who treated plaintiff for any such pre-existing infirmity or disability.

Answer:

Within the 10 years prior to the incident I had seen my Primary Care Physician ("PCP") regarding the occasional flu or cold and for routine check-ups. Please refer to my answer to Interrogatory No. 6 for my PCP's name and address. I had also seen my psychiatrist for anxiety and depression. His name is Dr. Levin and the last know address for him was 1 Pearl St. in Brockton, MA. Also, please refer to my answer to Interrogatory No. 6 regarding the name and address of the physician who treated me for my Hysterectomy.

6.  Please identify by full name, current residential and business address, and current residential and business telephone number (including area code) every health care provider plaintiff saw or consulted during the 10 years preceding any treatment received for any injury claimed in this case. Identify separately as to each such health care provider the nature of the ailment, illness, condition, or other reason for which such health care provider was seen or consulted.

Answer:

I have visited my Primary Care Physician ("PCP") for annual check-ups and the common cold or flu when needed. My current PCP is Dr. Nicholas Michalakos of Liberty St. in Brockton, MA 02301. Prior to Dr. Michalokos my PCP of 12 years was Dr. Ronald Lambruno who used to

be located at 1 Pearl St. in Brockton, MA 02301. Dr. David Edinburgh was my physician for my hysterectomy. His old address was 1 Pearl St. in Brockton, MA 02301.

7. State whether you have ever been adjudged to be a disabled person under the provisions of the Social Security Act. If so, please state the date upon which you were deemed to be disabled, the name and address of the physician upon whose opinion the disability determination was based, the name, address and telephone number of your disability case coordinator within the Social Security Administration and whether or not these benefits are continuing. If the benefits are continuing, please state the amount of benefits you receive on a monthly or annual basis.

Answer:

I have been receiving Social Security Disability ("SSDI") since 1998 for anxiety and depression. I was deemed disabled around August of 1998. The physician who made the disability determination was my psychiatrist, Dr. Levin, who was located at 1 Pearl St. in Brockton, MA 02301. I am not aware of any specific coordinator for my SSDI case within the Social Security Administration. If I have questions of concerns I use the 1-800 number to contact someone that can be of assistance. I am still receiving about $970.00 per month which works out to about $11,640.00 annually.

8. Has any physician or practitioner of the healing arts opined that you will need treatment in the future for injuries you allegedly sustained on October 31, 2001 at KFC? If so, please state the name and address of each and every physician or practitioner of the healing arts rendering such an opinion. Identify as fully as possible, what future treatment you have been told will be necessary, the dates and expected cost of said treatment.

Answer:

I am still being treated by Dr. Paul Glazer who is an orthopedic surgeon that specializes in spines at Beth Israel Hospital at 330 Brookline Ave in Boston. I am also seeing the Pain and Wellness center in Beth Israel Hospital. I have an appointment with Dr. Nordin, a neurologist from Beth Israel Hospital, on September 16th, 2005. At the current time I am unaware of any further treatment plans other than what I have stated above.

9. State whether you have made a claim for personal injuries against any third party for any reason over the past 15 years. If the answer is yes, please state the date of the accident or occurrence which was the basis for the claim, a description of the occurrence, the name and address of the party against whom you made a claim and their insurance carrier, the nature of the personal injuries you sustained in the said incident and which were the basis of your claim, the amount of medical expenses incurred, the name and address of each and every physician or practitioner of the healing arts or hospital which provided treatment for injuries sustained in every said incident, whether the matter is still pending and if not, state the date of settlement and the amount that you were paid in settlement for each and every incident.

Answer:

Approximately 14 years ago I filed a claim against Plymouth Trolley Company. The driver of the trolley during my tour was driving negligently which caused me to fall. The fall caused me to prematurely go into labor. I do not recall the name, address, and insurance carrier of the defendant nor do I recall the amount in medical bills. The case settled for approximately $10,000.00 about a year after the incident.

10. If you or anyone on your behalf has conducted an interview or spoken to any witness or person with knowledge about any aspect of the event that is the subject of this case which forms the basis of your claim or any portion of it, please state when each interview or conversation

occurred, who spoke to the witness, the name, the address and phone number of the witness, whether it was recorded and by what means, whether it was under oath, the name, address and phone numbers of any other person who was in attendance while the interview was accomplished, and either attach a copy of the transcription of the interview pursuant to the accompanying Request for Production, or if it is on audio or videotape but has not been transcribed, a copy of the tape, or if it has not been transcribed and is not on audio or videotape, please recount with as much detail as possible, the substance of said interview.

Answer:

    Please refer to my answer to Interrogatory No. 2.

11.    Identify by full name, current residential and business address, and current residential and business telephone number (including area code) each **lay witness** you will call to testify at the trial of this action.

Answer:

    Please refer to my answer to Interrogatory No. 2.

12.    Please identify by full name, specialty and qualifications, current residential and business address, and current residential and business telephone number (including area code) each person whom you expect to call or reserve the right to call as an **expert witness** at any trial of this matter and state separately as to each such expert identified (i) the subject matter on which such expert is expected to testify; (ii) the substance of the facts and opinions to which such expert is expected to testify; and (iii) a summary of the grounds for each opinion held by each such expert.

Answer:

    Objection. This information is not presently known. Once the plaintiff has determined which person(s) are expected to be called at trial as an expert witness, the plaintiff shall provide

such information as is required by Rule 26(b)(4)(A)(i) concerning experts, to the defendant by either supplementation of the within answers to interrogatories, or by including such information in the Pre-Trial Memorandum.

13. Describe each exhibit you intend to introduce into evidence at the trial of this action.

Answer:

Objection. The plaintiff objects to the request to the extent that it seeks documents that were prepared in contemplation of litigation.

14. Please list the name and address of each and every insurer, health maintenance organization (HMO), or any other entity involved in the financial aspects of the health care of Plaintiff Linda Grandy for the last 10 years. This information is not sought to attempt to determine collateral sources or "write offs." This interrogatory is instead reasonably calculated to lead to the discovery of each and every health care provider seen by Plaintiff in the relevant time period should Plaintiff's records and recollection not be full and complete.

Answer:

From 1995 to the beginning of 1996 I had health insurance from HMO Blue. When my coverage under HMO Blue expired I obtained coverage from Mass. Health. In 2000 I obtained additional coverage from Medicare. I am currently covered under both Mass. Health and Medicare.

15. Have any funds been expended by Medicare and/or Medicaid on your behalf in connection with any of the injuries alleged in the Complaint? If your answer to this interrogatory is "yes," please identify such amounts.

Answer:

At the present time Medicare has paid for all of my medical bills as a result of the accident. I am not sure how much they have specifically paid.

16. Give the name of the court or tribunal, caption and docket number of all civil, administrative (e.g. Workers Compensation) and criminal actions for the last 15 years in which you have been a party as either a defendant (criminal or civil) or as a plaintiff (civil), other than the Social Security Administration claims listed above.

Answer:

I have never been the party of a criminal or administrative action. Please refer to my answer to Interrogatory No. 9 for any civil action, other than the one pertaining to the present incident in question, that I have been involved in.

17. Give the name of the court or tribunal, caption and docket number of all bankruptcy proceedings, filings or other matters related to the discharge in bankruptcy of any debt of any kind by Plaintiff or affecting Plaintiff as an individual person alone or as a co-signator or co-holder of any debt or unpaid amount of any kind or as a partner, shareholder, officer, director or principal of any entity of any kind.

Answer:

I have never filed bankruptcy.

18. State all of your employment positions or occupations from 1991 to the present and with respect to each, state your duties, rates of pay, immediate supervisor, dates of employment and circumstances or reasons for termination of employment.

Answer:

From approximately 1988 to 1994 I worked for Blue Cross Blue Shield on Hancock St. in Quincy, MA. I worked as a Senior Customer Service Consultant for $17.00 per hour. My

supervisors name was Thomas Buckley. I left my position at Blue Cross Blue Shield because of my disability.

19.   Identify and describe the contents, location and nature of any recordings, drawings, photographs, moving pictures, video tapes, pictorial representations of the premises of KFC at 875 North Montello Street in Brockton, Massachusetts and any and all other tangible things which relate to this case.

Answer:

Objection. The information sought herein seeks the discovery of materials prepared in anticipation of litigation and for trial by plaintiff's attorney or plaintiff's attorney's consultants, investigators or representatives. The discovery of such information is not permitted by M.R.Civ.P. Rule 26(b)(3), unless the defendant can demonstrate substantial need of the materials in the preparation of the defendant's case and that the defendant is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Accordingly, the plaintiff objects to the within discovery request of the defendant. Without waiving said objection, this information is not presently known.

20.   Please describe, in your own words, exactly how the alleged incident that is the basis of this claim occurred. Include everything that you remember about your actions and whereabouts in the prior 24 hours before the alleged incident, the exact details of the incident and any and all actions taken by you that you remember after the incident up until the time of your first medical treatment for any alleged injuries.

Answer:

On the day before the incident I had my children over to my house and we ate dinner and watched movies together. The next day I went out with my boyfriend. While out we got hungry

and decided to stop in Kentucky Fried Chicken ("KFC") for something to eat. After we ordered and received our food we went back into the car to eat. After eating our meals we decided to use the bathroom facilities within the KFC to freshen up. It was close to closing time when we reentered the KFC and the floor was completely dry when I entered the bathroom. I remained in the bathroom for approximately 10 minutes. As I exited the bathroom I suddenly slipped and fell on the floor directly outside the bathroom which was very wet and extremely slippery and soapy. There was a mop bucket in the immediate vicinity of where I fell and an employee of KFC with a mop in his hand. When the manager was notified of the condition of the floor as well as my slip and fall he yelled at the employee with the mop, "Why did you leave the floor that way?" My boyfriend then took me to the hospital to get treatment for my injuries. The floor was so wet that I had to leave the hospital in a "Johnny" and slippers because my clothes were soaked.

21.    Please describe any and all medications, prescription or non-prescription drugs, and any and all alcohol consumed in the 24 hours before the incident alleged in the Complaint.

Answer:

I was not under the influence of any alcohol or illegal drugs at the time of the incident. However, on the morning of the incident I did take my prescription Prozac for my depression and anxiety.

22.    Please describe any dangerous condition that you allege existed on the premises at the time the incident described in the Complaint occurred, stating in your answer, exactly how long the dangerous condition complained of had existed, the name and address of the individual who created the condition, and how or why the condition was created, if known to you.

Answer:

Please refer to my answer to Interrogatory No. 20.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THE 5 DAY OF August, 2005.

_____
Linda Grandy

As to the Objections:

_____
Attorney Douglas T. Radigan

I, Douglas T. Radigan, hereby certify that a true copy of the responses to KFC of America's interrogatories was served upon the attorney of record for each party by mail on ___18th___, 2005.

_____
Douglas T. Radigan