# APPLICATION FOR BENEFITS - PERSONAL INJURY PROTECTION

| DATE | OUR POLICYHOLDER | DATE OF ACCIDENT | FILE NUMBER |
|---|---|---|---|
| 4/14/00 | Nicholas DiBlasio | 3/8/00 | 661299521 001 |

TO ENABLE US TO DETERMINE IF YOU ARE ENTITLED TO BENEFITS UNDER THE MASSACHUSETTS PERSONAL INJURY PROTECTION LAW, PLEASE COMPLETE THIS FORM AND RETURN IT PROMPTLY

Arbella Mutual Insurance
11 Riverside Dr.
Lakeville, MA 02347-1674

TO: Anna Andrade
CLAIM DEPT.

| YOUR NAME | PHONE NO. | HOME | BUSINESS |
|---|---|---|---|
| Linda Grandy | | 586-8025 | |

| YOUR ADDRESS (NO., STREET, CITY OR TOWN, STATE AND ZIP CODE) | DATE OF BIRTH | SOCIAL SECURITY NO. |
|---|---|---|
| 30 Brooks St Brockton MA 02302 | 1/23/65 | 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 |

| DATE AND TIME OF ACCIDENT | A.M./P.M. | PLACE OF ACCIDENT (STREET, CITY OR TOWN AND STATE) |
|---|---|---|
| 3/8/00 | | Parking lot of Wynt Wynn Raynham New State Hishw |

BRIEF DESCRIPTION OF ACCIDENT: Other driver backed into us while parked

AT TIME OF ACCIDENT:
- WERE YOU THE DRIVER OF OUR POLICYHOLDER'S CAR? YES ☐ NO ☑
- WERE YOU A PASSENGER IN OUR POLICYHOLDER'S CAR? YES ☐ NO ☑
- WERE YOU A PEDESTRIAN? YES ☐ NO ☑
- WERE YOU A MEMBER OF OUR POLICYHOLDER'S HOUSEHOLD? YES ☑ NO ☐

AS A RESULT OF THIS ACCIDENT WERE YOU INJURED? YES ☑ NO ☐. IF YOUR ANSWER IS YES, COMPLETE THE REST OF THIS FORM. IF NO, SIGN HERE AND RETURN THIS FORM TO US.

SIGNATURE: Linda Grandy    DATE: 4/14/00

DESCRIBE YOUR INJURY: Knee

| WERE YOU TREATED BY A DOCTOR? YES ☑ NO ☐ | DOCTOR'S NAME AND ADDRESS |
|---|---|

| IF YOU WERE TREATED IN A HOSPITAL, WERE YOU AN IN-PATIENT? ☐ OUT-PATIENT? ☑ | HOSPITAL'S NAME AND ADDRESS Good Samarita Cardinal Cushing Campus |
|---|---|

| AMOUNT OF MEDICAL BILLS TO DATE $ | WILL YOU HAVE MORE MEDICAL EXPENSE? YES ☑ NO ☐ | AT THE TIME OF YOUR ACCIDENT WERE YOU IN THE COURSE OF YOUR EMPLOYMENT? YES ☐ NO ☑ |
|---|---|---|

| DID YOU LOSE WAGES OR SALARY AS A RESULT OF YOUR INJURY? YES ☐ NO ☑ | IF YES, AMOUNT LOST TO DATE $ | WHAT IS YOUR AVERAGE WEEKLY WAGE OR SALARY? $ |
|---|---|---|

| IF YOU LOST WAGES: | DATE DISABILITY FROM WORK BEGAN | DATE YOU RETURNED TO WORK |
|---|---|---|

| HAVE YOU RECEIVED, OR ARE YOU ELIGIBLE FOR, PAYMENTS UNDER ANY WAGE OR SALARY CONTINUATION PLAN? YES ☐ NO ☑ | IF YES, AMOUNT $ | PER WEEK ☐ PER MONTH ☐ |
|---|---|---|

LIST NAMES AND ADDRESSES OF YOUR EMPLOYER AND OTHER EMPLOYERS FOR ONE YEAR PRIOR TO ACCIDENT DATE AND GIVE OCCUPATION AND DATES OF EMPLOYMENT:

| EMPLOYER AND ADDRESS | OCCUPATION | FROM | TO |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

AS A RESULT OF YOUR INJURY HAVE YOU HAD ANY OTHER EXPENSES? YES ☐ NO ☑ IF YES, EXPLAIN ON REVERSE SIDE.

SIGNATURE: Linda Grandy    DATE: 4/14/00

IMPORTANT:
1. TO BE ELIGIBLE FOR BENEFITS YOU MUST COMPLETE AND SIGN THIS APPLICATION.
2. YOU MUST ALSO SIGN ANY ATTACHED AUTHORIZATION(S).
3. RETURN PROMPTLY WITH ANY MEDICAL BILLS YOU HAVE RECEIVED TO DATE.

A-3815 (PIP-1)

**GILES C. FLOYD, M.D.**
OAK PROFESSIONAL BUILDING
824 OAK STREET, SUITE 9A
BROCKTON, MASSACHUSETTS 02401
TELEPHONE (617) 277-6788
TELECOPIER (617) 277-9277

AMERICAN BOARD DIPLOMATE, ORTHOPAEDIC SURGERY

May 2, 2000

Arbella Mutual Insurance
11 Riverside Park
Lakeville, MA  02347

Attention:  Mr. Charles Ferzoco
            PIP

RE    Ms. Linda Grandy
      File #                    92583
      S.S. #                    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
      Claim #                   661-299521
      Date of Incident -        March 8, 2000
      Insured -                 Nicholas Diblasio

Dear Mr. Ferzoco:

At your request, Ms. Linda Grandy was seen for an independent medical evaluation on May 2, 2000 regarding the motor vehicle accident of March 8, 2000.

Prior to the evaluation, it was explained to the examinee that this appointment was for purposes of evaluation only - not for care, treatment or consultation - and therefore, no doctor-patient relationship would result.  The examinee has also been advised that I am an independent doctor and have been requested to conduct this evaluation by the individual noted above.

### GENERAL BACKGROUND

At the time of the injury, Ms. Grandy was unemployed.

### MS. GRANDY'S DESCRIPTION OF THE ACCIDENT

I saw Ms. Grandy, a 35-year-old female, in my Brockton office for an orthopaedic independent medical examination evaluation on May 2, 2000. Ms. Grandy does not indicate prior history of injury or symptomatology in similar musculoskeletal areas described below.

Page 2

RE: Ms. Linda Grandy
File #92583


Ms. Grandy states that she has been on social security disability for the past two years from "depression and anxiety" and is being treated by Dr. Van Batchis in Brockton. She lives with her boyfriend in his father's house. She is not employed.

On March 8, 2000, she was the right front seat un-belted passenger in a car parked in a parking lot, that was backed into by a kid backing out of a parking lot. As a result, she states that she had some soreness in the left knee and neck. No police came to the scene but information was exchanged. The car was drivable and she went home.

Ms. Grandy states about one week later, she noted complaints of discomfort in the neck and back region and "anxiety." She was seen in the Good Samaritan Emergency Room, where she was examined and given a knee immobilizer. X-rays were taken of the left knee, which were reportedly negative. She was told she had a sprain and physical therapy was requested.

She states that she saw a Dr. Marshall at the physical therapy facility. She additionally saw her primary care physician, Dr. Phyllis Sandell, who prescribed Naprosyn.

PRESENT COMPLAINTS

Ms. Grandy points to the anterior portion of the left knee as a source of off and on, varying, sharp to burning discomfort, and mild episodic swelling. She reports numbness on the paramedial aspect of the left knee off and on. She does not report locking, collapsing, or giving-way.

In the low back region, she reports off and on cramping with certain movements and activities such as lifting. She does not report any lower extremity radiation, paresthesias, or weakness. She points to the left trapezius region as a source of off and on tightness and cramping sensations but no upper extremity radiation, paresthesias, or weakness. She does not report other areas of musculoskeletal complaints.

PRESENT TREATMENT

Ms. Grandy is being seen at physical therapy twice a week and takes Naprosyn on occasion. She is wearing no brace, wrap, or other supportive device today. She states that she uses heat on her neck at home off and on and does no home exercises. She related that her present treating physician is Dr. John Marshall.

Page 3

RE: Ms. Linda Grandy
File #92583

## ADDITIONAL INJURIES

Ms. Grandy indicated no other injuries.

## PAST MEDICAL HISTORY

| | |
|---|---|
| Serious Illnesses | None |
| Previous Injuries | None |
| Prior Surgeries | Hysterectomy; orthoscopic 1979 |
| Allergies | Erythromycin; sulfur drugs; Codeine |

She has been on social security disability for over two years for depression and anxiety and has been unemployed. She rates her general health as good.

## REVIEW OF RECORDS

No medical records were available for my review today.

## OUTSIDE STUDIES

No diagnostic studies were available for my review today.

## PHYSICAL EXAMINATION

This 35-year-old, right-handed female was 5 feet, 5 inches in height and weighed 140 pounds.

### General Appearance

Ms. Grandy appeared comfortable during history taking and arose without hesitation and without support. At the time of the examination, Ms. Grandy was not wearing or using a collar, brace or prosthetic device and she required no ambulatory aids.

### EXAMINATION OF THE NECK, UPPER TORSO AND UPPER EXTREMITIES

### General Observations

Head carriage, cervical curve (lordosis), shoulder levels, thoracic curve, chest cage prominence and development were normal. There was no scapular winging or scoliosis.

There was no evidence of muscle spasm.

Page 4

RE: Ms. Linda Grandy
File #92583


She reported slight tenderness noted over the left trapezius, with no spasm and no clinical signs. An exaggerated response was noted.

There was no tenderness over the neck, cervical spine, thoracic spine, supraclavicular fossa, shoulders, elbows, wrists or hands.

There were no deformities, amputations, scars or neuromas bilaterally.

There was no intrinsic, thenar or hypothenar atrophy, and there was no swelling, crepitus or masses noted.

### Range of Motion of the Neck

|                           | Range of Motion | Normal |
|---------------------------|-----------------|--------|
| Flexion                   | 50°             | 50°    |
| Extension                 | 60°             | 60°    |
| Lateral Flexion - Right   | 45°             | 45°    |
| Lateral Flexion - Left    | 45°             | 45°    |
| Rotation - Right          | 80°             | 80°    |
| Rotation - Left           | 80°             | 80°    |

### Range of motion of the Upper Extremities

Range of motion of the upper extremities (shoulders, elbows, wrists, and fingers) was within normal limits.

### Muscle Strength

### Joint Stability

There was no instability noted in the sternoclavicular, acromioclavicular, shoulder, elbow, wrist, thumb or finger joints.

### Grip Strength

Grip strength was tested using the Takei Dynamometer with measurements taken and listed below. Dominant hand is the right.

A good clinical effort was exerted by this individual, and I would consider this a normal grip strength bilaterally.

### Girth Measurements

|         | Right   | Left    |
|---------|---------|---------|
| Biceps  | 11"     | 11"     |
| Forearm | 9-1/2"  | 9-1/2"  |

Page 5

RE: Ms. Linda Grandy
File #92583

## Neurological Examination

Deep tendon reflexes (biceps, triceps and brachioradialis) were 2+ and symmetrical bilaterally. Sensory testing to pinprick was normal.

Tinel's (median) test was negative/normal.

## Vascular Examination

The skin was normal bilaterally in texture, color, temperature, hair growth and nails.

## Shoulder Tests

Impingement test, tendinitis (bicipital), and apprehension tests were negative bilaterally.

### EXAMINATION OF THE BACK AND LOWER EXTREMITIES

## General Observations

There was no evidence of scoliosis. There was normal kyphosis, lordosis, posterosuperior iliac spine, extremity alignment, weight bearing, gait, walking on toes, and walking on heels.

No scars were noted. There was no evidence of muscle spasm or swelling.

There was slight tenderness reported over the left paralumbar musculature, with no spasm. An exaggerated response was noted.

There was no tenderness over the buttocks (sciatic notch), trochanters, thighs, calves, spine, sacrum, sacroiliac joints, coccyx, iliac crest, or on pelvic compression.

## Range of Motion of the Back

|  | Range of Motion | Normal |
|---|---|---|
| Flexion | 60° | 60° |
| Extension | 25° | 25° |
| Lateral Flexion - Right | 25° | 25° |
| Lateral Flexion - Left | 25° | 25° |
| Rotation - Right | 30° | 30° |
| Rotation - Left | 30° | 30° |

Page 6

RE: Ms. Linda Grandy
File #92583

The examinee was able to reach within 0 inches of the floor with knees extended with/without difficulty.

### Range of Motion of the Lower Extremities

Range of motion of the lower extremities (knees) was within normal limits.

### Neurological Examination

Straight leg raising (seated) was negative bilaterally.

Cross straight leg raising was negative bilaterally. Deep tendon reflexes (patellar and Achilles) were 2+ and symmetrical bilaterally. Babinski's sign was negative. Sensation to pinprick was normal bilaterally.

### Waddell Test

Tenderness, light touch was inappropriate. Simulation (axial loading) was inappropriate. Overreaction was inappropriate.

### Vascular Examination

Color, temperature differentiation, hair growth and nail health were normal bilaterally. Pulses (dorsalis pedis, posterior tibial, popliteal and femoral) were normal bilaterally.

### Muscle Strength - Back and Hips

### Knee Examination

Examination of the knees revealed no evidence of scars, redness, swelling, effusion, or increased temperature. Mild exaggeration was noted with diffuse responses to anterior palpation of the left knee - no clinical signs. Popliteal space, patellar tracking and patellar mechanism were normal bilaterally. There was no crepitation upon extension, flexion or grinding (patellar).

### Knee Joint Stability

Joint stability was normal in medial, lateral, anterior drawer, posterior drawer, and Lachman test.

Page 7

RE: Ms. Linda Grandy
File #92583

### Knee Tests

Quadriceps inhibition test, patellar apprehension test, and McMurray test were negative bilaterally.

### Knee Muscle Strength

Extensor and flexor muscle strength was normal bilaterally.

### Ankle and Subtalar Muscle Strength

Ankle (extensor and flexor) and subtalar (invertor and evertor) muscle strength was normal bilaterally.

### Muscle Strength - Great Toe

Extensors and flexors were normal in strength.

### Measurements

| Girth | Right    | Left     |
|-------|----------|----------|
| Thigh | 16-1/2"  | 16-1/2"  |
| Calf  | 14-1/4"  | 14-1/4"  |

### COMMENTS AND CONCLUSIONS

Diagnoses/Impression:     Cervical strain, by history, resolved.

Lumbar strain, by history, resolved.

Left knee contusion, by history, resolved.

Ms. Grandy is a 35-year-old female who was allegedly involved in a low impact motor vehicle accident on March 8, 2000. She states that she developed discomfort in the left knee, neck, and low back region thereafter and sought medical attention. She is currently under treatment at a physical therapy facility where she is seeing a Dr. Marshall. She was unemployed at the time and remains unemployed. She is on social security disability and has been for the last two years for depression and anxiety.

Clinical examination revealed, in my opinion, elements of attempt at symptom magnification and embellishment. She had three out of five positive Waddell's tests, exaggerated responses to clinical

Page 8

RE: Ms. Linda Grandy
File #92583

examination, and symptomatology unsubstantiated by objective findings. Her neurological examination was entirely negative. In my opinion, her symptomatology is disproportionate to her physical examination. One must consider the probability of symptom magnification, and/or secondary gain.

I would currently characterize her subjective complaints in the neck and low back region as intermittent/slight, non-radiating, non-disabling discomfort. In the left knee, I would characterize her symptoms as intermittent slight discomfort.

Orthopaedic and neurologic examination fails to reveal the presence of any demonstrable objective findings supportive of her subjective complaints.

In my opinion, Ms. Grandy has achieved maximum medical improvement and requires no further current or future active medical treatment or additional diagnostic work-up. She is capable of engaging in her normal daily activities and she requires no assistance with activities of daily living. She has incurred no permanent impairment or disability. She may return to and/or continue full unrestricted work and play activities from an orthopaedic standpoint.

Assuming for the moment that she sustained any injury at all, it is more likely than not that this was a soft tissue type injury and I would estimate that this would have healed anatomically within three to six weeks. I can demonstrate no objective residuals for such an event at this time. In my opinion, it has resolved.

Finally, I would estimate that at best, Ms. Grandy had no total disability and approximately three to six weeks of partial disability.

Thank you for the opportunity of evaluating Ms. Linda Grandy. If you have any further questions, please do not hesitate to contact me.

The opinions herein are signed under the penalty of perjury this ___8___ day of ___May___, 2000.

Giles Cowan Floyd, M.D.
Diplomate, American Board
of Orthopaedic Surgery